UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DONNA M. GILBERT, JULIE MOHNEY, TAMMY VALDEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSELYN TSO, DIRECTOR, INDIAN HEALTH SERVICE (IHS); JOSEPH AMIOTTE, GREAT PLAINS IHS AREA DIRECTOR; XAVIER BECERRA, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES; TIM LAPOINTE, DIRECTOR, GREAT PLAINS BUREAU OF INDIAN AFFAIRS AREA; DEB HAALAND, SECRETARY OF THE INTERIOR; JERILYN CHURCH, DIRECTOR, GREAT PLAINS TRIBAL LEADERS HEALTH BOARD AND OYATE HEALTH CENTER; AND MERRICK B. GARLAND, U.S. ATTORNEY GENERAL;<br><br>Defendants. | 5:23-CV-05017-CBK<br><br><br><br>MEMORANDUM OPINION AND ORDER DISMISSING CASE |

Plaintiffs filed a complaint alleging that defendants violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Plaintiffs seek a temporary restraining order preventing the destruction of the Sioux San Hospital Building #1 in Rapid City, South Dakota.

Rule 65 of the Federal Rules of Civil Procedure provides, in part:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Pursuant to 28 U.S.C. § 1746(2), whenever, *inter alia*, any rule requires, *inter alia*, verification, the matter must be signed and subscribed in the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." Plaintiffs' complaint is merely signed and dated. It is not verified as required by Fed. R. Civ. P. 65(b)(1)(A).

While a temporary restraining order may be issued *ex parte* (without notice), movant must certify in writing efforts made to give notice and the reasons why notice should not be required prior to issuance of the order. Plaintiffs did not comply with this requirement at all. While summonses were issued to various federal officials, no summons was issued to the United States Attorney for the District of South Dakota. Further, no certificate of service was provided showing that any effort was made to email, mail, or otherwise notify any person, agency, or attorney of the filing of the complaint and motion for temporary restraining order. Plaintiffs have failed to comply with Fed. R. Civ. P. 65(b)(1)(B).

The complaint also fails to clearly establish subject matter jurisdiction. The party invoking federal jurisdiction bears the burden of establishing Article III standing. Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014). Standing is a threshold issue since it is essential to federal jurisdiction. Nebraska v. Biden, 52 F.4th 1044, 1046 (8th Cir. 2022).

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. The party invoking federal jurisdiction bears the burden of establishing these elements.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) (internal quotations and citations omitted) (cleaned up). There is no allegation in the complaint showing any relationship between the plaintiffs and the controversy at issue.

Defendants entered an appearance and advised the Court that demolition of the building at issue is scheduled for today, April 3, 2023. Defendants moved for an order requiring plaintiffs to post a security bond in the amount of $365,000 pursuant to Fed. R. Civ. P. 65(c). The declaration on file shows that defendants will suffer a loss of $21,000 per day for a short delay in demolition and even further loss if the delay is more than one week. The declaration sufficiently shows facts to justify the requirement that plaintiffs post a bond.

Defendants seek an expedited hearing on the motion for a temporary restraining order and the motion for security bond. Plaintiffs failed to provide telephone contact information in the complaint in violation of D.S.D. LR 10.1. No hearing can be scheduled today due to plaintiffs' failure to comply with the identification requirements. Without a hearing and the issuance of a restraining order today, defendants would be entitled to proceed with demolition today as scheduled. Demolition of the building at issue would render the complaint and request for further injunctive relief moot.

Based upon the foregoing,

IT IS ORDERED:

1. The motion, Doc. 1, for a temporary restraining order is denied.

2. This matter is dismissed for failure to establish jurisdiction.

3. The motion, Doc 5, for a bond and the motion, Doc. 8, for an expedited hearing are denied as moot.

DATED this 3rd day of April, 2023.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge